UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHERYL BUTLER                                  CIVIL ACTION

VERSUS

AMERICAN SECURITY                     NO.: 18-871-BAJ-EWD
INSURANCE COMPANY

## RULING AND ORDER

Before the Court is American Security Insurance Company's **Motion to Dismiss (Doc. 3)** Cheryl Butler's breach-of-contract claim. For the reasons that follow, the **Motion (Doc. 3) is GRANTED**.

## I. BACKGROUND

A homeowner sued an insurer for failing to pay a property-damage claim under a lender-placed policy.[1] (Doc. 1-1). At issue is whether the homeowner has standing to sue under the policy as a third-party beneficiary.[2] (Docs. 3, 4). The Court holds that she does not.

---

[1] A lender-placed policy "insures the lender's collateral when the borrower fails to maintain a specific type of insurance." *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 45 (5th Cir. 2010) (per curiam). It is also known as a force-placed policy. *See id.*

[2] Contractual standing differs from constitutional standing. *See Perry v. Thomas*, 482 U.S. 483, 492 (1987). Contractual standing "is really an issue of contract interpretation that goes to the merits of a claim." *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 594 (5th Cir. 2016) (citation omitted). Constitutional standing, by contrast, stems from Article III and speaks to the Court's jurisdiction. *See id.*

Plaintiff Cheryl Butler owns property in St. Gabriel, Louisiana. (Doc. 1-1 at ¶ 2). Wells Fargo holds a mortgage on the property. (*Id.* at ¶ 3). When Plaintiff failed to provide proof of insurance, Wells Fargo obtained an American Security policy insuring the property. (Doc. 3-2).

Pointing to that policy, Plaintiff demanded that American Security pay the cost of repairing water damage to her home. (Doc. 1-1 at ¶ 14). She sued American Security for breaching the policy after she received no response. (*Id.*).

American Security moves to dismiss Plaintiff's complaint for failure to state a breach-of-contract claim. (Doc. 3). American Security argues that Plaintiff lacks standing to sue under the policy because Plaintiff is not a named insured, an additional named insured, or a third-party beneficiary. (Doc. 3-1). Plaintiff rejoins that she has standing as a third-party beneficiary. (Doc. 4).

II. **LEGAL STANDARD**

To overcome American Security's motion, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that American Security is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

The Court accepts as true the well-pleaded facts of Plaintiff's complaint and views those facts in the light most favorable to Plaintiff. *See Midwest Feeders, Inc. v.*

*Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018). Because Plaintiff references the American Security policy in her complaint, the Court considers the policy in its ruling. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

### III. DISCUSSION

A plaintiff may sue under an insurance policy if she is a named insured, an additional named insured, or a third-party beneficiary. *See Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 2005-2364, pp. 8–9 (La. 10/15/06); 939 So. 2d 1206, 1212.

Plaintiff does not allege that she is a named insured, an additional named insured, or a third-party beneficiary. (Doc. 1). So she fails to plead facts showing that she has standing to sue under the American Security policy. *See Joseph*, 939 So. 2d at 1212. Because she fails to plead facts sufficient to show standing, she fails to plead a plausible claim against American Security. *See Romero*, 888 F.3d at 176. And because her claim is not plausibly pleaded, the Court must dismiss it; the question is whether that dismissal should be with or without prejudice. That question, in turn, depends on whether Plaintiff can qualify as a third-party beneficiary under American Security's policy.

In her opposition, Plaintiff concedes that she is neither a named insured nor a named additional insured. (Doc. 4). She insists, however, that she is a third-party beneficiary.[3] (*Id.*).

---

[3] The Court notes with interest that *Plaintiff's* opposition contains these statements: "The plaintiff in this matter, Cheryl Butler, does not have a legally cognizable claim for relief. Accordingly, her lawsuit is subject to dismissal." (Doc. 4 at p. 2). The Court suspects that Plaintiff included the statements in error and will not consider them in its ruling.

3

Contracting parties may "stipulate a benefit for a third person called a third-party beneficiary." LA. CIV. CODE art. 1978. A contract that benefits a third party is called a "stipulation pour autrui." *See Joseph*, 939 So. 2d at 1211. To qualify as a stipulation pour autrui, (1) the stipulation must be "manifestly clear," (2) there must be "certainty as to the benefit provided the third party," and (3) the benefit must not be "a mere incident of the contract between the promisor and the promise." *Id.* at 1212.

The American Security policy does not create a stipulation pour autrui in Plaintiff's favor. *See id.* The policy's "loss payment" provision obliges American Security to pay losses only to the named insured—Wells Fargo:

> Loss will be made payable to the **named insured**. No coverage will be available to any mortgagee other than that shown as the **named insured** on the Declarations. The undisputed portion of the loss will be payable within 30 days after **we** receive **your** proof of loss.[4]

(Doc. 3-2 at p. 20).

This language reflects an intent to benefit Wells Fargo.[5] It does not reflect an intent—much less a "clear" one—to provide a "certain benefit" to Plaintiff that is not "mere[ly] incident[al]" to the insurance contract between Wells Fargo and American Security. *See Joseph*, 939 So. 2d at 1212. Other courts agree. *See, e.g., Brown v. Am.*

---

[4] The policy defines "you" as the "financial institution shown as named insured in the Declarations." (Doc. 3-2 at p. 7). Wells Fargo is the "financial institution shown as named insured in the Declarations." (*Id.* at p. 5).

[5] To find support for her third-party-beneficiary argument, Plaintiff looks beyond the language of the policy. (Doc. 4). She argues that because American Security issued a claim payment naming she and Wells Fargo as co-payees, Wells Fargo and American security "clearly intend[ed]" that she benefit from the policy. (*Id.*). The argument fails to persuade: it is the contract—not the parties' conduct—that must "manifest a clear intention to benefit the third party[.]" *Joseph*, 939 So. 2d at 1212.

4

*Modern Home Ins. Co.*, No. 16-CV-16289, 2017 WL 2290268, at *6 (E.D. La. May 25, 2017) (holding that homeowner did not qualify as a third-party beneficiary under identical provision in lender-placed policy); *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 858–859 (E.D. La. 2007) (dismissing homeowner's breach-of-contract claim because homeowner was not a third-party beneficiary of lender-placed policy).

The American Security policy does not reflect a "clear intent" to benefit Plaintiff and thus does not create a stipulation pour autrui in Plaintiff's favor. *See Joseph*, 939 So. 2d at 1212. Because the policy does not create a stipulation pour autrui in her favor, Plaintiff cannot qualify as a third-party beneficiary.[6] *See id.* And because Plaintiff cannot qualify as a third-party beneficiary of the policy, she cannot establish standing to sue American Security for breaching it.[7] Amendment would be futile. *See Edionwe*, 860 F.3d at 296.

---

[6] If Plaintiff is dissatisfied with Wells Fargo's handling of her property-insurance claim, she should consult her mortgage contract to determine her rights, if any, against Wells Fargo.

[7] Because Plaintiff lacks a "valid, underlying, substantive claim upon which coverage is based," she cannot state a statutory claim for penalties and attorney's fees. *See Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010) (internal citation and quotation marks omitted).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that American Security Insurance Company's **Motion to Dismiss (Doc. 3)** is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 16th day of April, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**